NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
*In re*:                                                                   :
                                                       :    Chapter 7
        Kristen M. Alsterklint,                              :
                                                       :    Case No. 23-11582 (JLG)
                                                 Debtor.    :
---------------------------------------------------------- x

## MEMORANDUM DECISION GRANTING RAE REALTY LLC
## RELIEF UNDER 11 U.S.C. § 362(b)(22)

**A P P E A R A N C E S :**

BORAH, GOLDSTEIN, ALTSCHULER NAHINS & GOIDEL, P.C.
*Attorneys for Rae Realty LLC*
377 Broadway
New York, New York 10013
By:    Jeffrey C. Chancas

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[1]

      Rae Realty LLC is the owner and landlord (the "Landlord") of real property known as and by 176 East 3rd Street, Apartment 1C, New York, New York 10009 (the "Premises"). Kristen Alsterklint (the "Debtor") is the tenant of the Premises pursuant to a written Lease. Prior to the Petition Date, the Landlord obtained a final judgment of possession for the Premises, with a warrant of eviction to be issued forthwith in a summary non-payment proceeding in the Civil Court, New York County (the "Summary Proceeding").

---

[1]    Capitalized terms not defined in the Introduction shall have the meanings ascribed to them herein.

The matter before the Court is the Landlord's motion (the "Motion")[2] pursuant to section 362(b)(22) and (*l*)(1) and (2) of the Bankruptcy Code or, alternatively, section 362(d) of the Bankruptcy Code, for relief from the automatic stay to proceed in the Summary Proceeding and to evict the Debtor from the Premises.[3]

The Debtor did not respond to the Motion.

As explained below, by application of section 362(b)(22) of the Bankruptcy Code, the filing of this bankruptcy does not operate as a stay of the Summary Proceeding against the Debtor. For that reason, the Court grants the Motion.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## Background

The State Court Litigation

Debtor is the tenant of the Premises pursuant to a written rent-stabilized lease dated August 9, 2010, for a term of one year and eighteen days, commencing August 14, 2019, and expiring

---

[2] *Motion for an Order, Inter Alia, Pursuant to 11 U.S.C. Section 362 to Vacate Automatic Stay and for Payment of Use and Occupancy*, ECF No. 9. In support of the Motion, the Landlord submitted Yolanda Polanco's Affidavit in Support of Motion to Vacate Automatic Stay (the "Polanco Affidavit"). References to "ECF No. __" are to documents filed on the electronic docket in Case No. 23-11582.

[3] In the Motion, the Landlord also seeks an order pursuant to section 363(e) of the Bankruptcy Code directing Debtor to pay immediately to the Landlord all post-petition use and occupancy charges that have accrued since the Petition Date, and to pay Landlord use and occupancy on a monthly basis on the first day of each month, pending a final determination of the relief requested herein. The Landlord did not address its request for relief in its papers. The Court denies the Landlord relief under section 363(e).

2

August 31, 2020, which has been renewed through August 31, 2024 (the "Lease").[4] Polanco Affidavit ¶ 4. The current monthly base rent for the Premises totals $3,811.60. *Id.* ¶ 5.

The last payment Debtor made to the Landlord was on August 1, 2022. Polanco Affidavit, Ex. B at 3.[5] Debtor has failed to pay (i) pre-petition rent through October 3, 2023, in the amount of $43,767.51, and (ii) post-petition use and occupancy charges for the period of October 4–31, 2023, and the month of November 2023, totaling $7,254.34. *Id.* ¶¶ 5–6. There is now due and owing a total amount of pre-petition rent and additional rent, and post-petition use and occupancy charges, for the Premises in the amount of $51,021.85. *Id.* ¶ 8.

On December 30, 2022, the Landlord commenced the Summary Proceeding against the Debtor in Civil Court, New York County, captioned *Rae Realty LLC, Petitioner-Landlord v. Kristen Alsterklint, Respondent-Tenant*, Index No. LT-320305-22/NY (N.Y. Civ. Ct. filed Dec. 30, 2022).[6] *See* Summary Proceeding Docket, Doc No. 1.[7] Debtor defaulted in appearing in the Summary Proceeding, and on May 31, 2023, the Court issued a money judgment, in the amount of $6,137.53, and a possessory judgment (the "Judgment of Possession") to the Landlord, with the warrant to issue forthwith. *See* Judgment of Possession;[8] *see also* Summary Proceeding Docket, Doc. No. 10.

---

[4] The Lease and most recent renewal are annexed as Exhibit A to the Polanco Affidavit.

[5] A ledger listing all the charges, payments, and balance for the Premises created by Landlord's management company is annexed as Exhibit B to the Polanco Affidavit.

[6] Any reference to documents filed on the docket for the Summary Proceeding shall be prefaced with "Summary Proceeding Docket."

[7] The Court takes judicial notice of those documents filed in the Summary Proceeding. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings." (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d. Cir. 1998))).

[8] The Judgment of Possession is annexed as Exhibit C to the Polanco Affidavit.

3

On July 3, 2023, the Civil Court signed an Order to Show Cause ("OSC") with a TRO staying all proceedings in the Summary Proceeding as well as the enforcement of the warrant of eviction. Summary Proceeding Docket, Doc. No. 11. The OSC was adjourned to July 21, 2023, at which time Landlord and Debtor stipulated and agreed to adjourn to October 3, 2023.[9] Summary Proceeding Docket, Doc. No. 14.

The Chapter 7 Case

On October 3, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code in this Court (the "Petition").[10] *See* Petition at 6. As of the Petition Date, the Judgment of Possession was still in effect, and it remains in effect.

In the Petition, Debtor identifies the Premises as her residence and confirms she rents the Premises. Petition, Part 2, ¶ 11. She answered "No" to the question: "Has your landlord obtained an eviction judgment against you?" *Id*. Debtor lists the Landlord in her Schedule E/F as a non-priority, unsecured creditor with a claim of $47,090.42 for "Rent Arrears." Petition, Schedule E/F at 11. Debtor's Schedule G states she does not have any executory contracts or unexpired leases. Petition, Schedule G at 1. The Debtor discloses the Summary Proceeding as a pending case to which she is a party. Petition, Statement of Financial Affairs at 3.

**The Motion**

In the Motion, the Landlord seeks an order of the Court pursuant to section 362(b)(22) of the Bankruptcy Code, confirming that the automatic stay has not been triggered in this case as to the pending Summary Proceeding. Alternatively, the Landlord seeks an order pursuant to section

---

[9]    Adjournment was to afford Debtor an opportunity to consult with counsel. Summary Proceeding Docket, Doc. No. 14. In the stipulation, Debtor agreed to pay August 2023 rent by August 31, 2023, which would be accepted without prejudice. *Id.* The parties also stipulated that Landlord's petition in the Summary Proceeding is amended to include all rent due to date. *Id.*

[10]   *Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 1.

4

362(d) of the Bankruptcy Code granting it stay relief to enforce its rights in and remedies in and to the Premises.

### Applicable Legal Principles

The automatic stay is "designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove the debtor into bankruptcy." *In re Harris*, 424 B.R. 44, 52 (Bankr. E.D.N.Y. 2010) (quoting *In re Winer*, No. 08-40476, 2008 WL 2074091, at *3 (Bankr. E.D.N.Y. May 13, 2008); *see Off. Comm. of Unsecured Creds. v. PSS S.S. Co. (In re Prudential Lines, Inc.)*, 928 F.2d 565, 573 (2d Cir. 1991) ("One of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors."). To that end, the filing of a bankruptcy petition automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The purpose of this provision "is to protect the estate from direct action taken by creditors against a debtor's real or personal property, and to prevent an uncontrolled scramble to liquidate the estate." *In re Cont'l Airlines, Inc.*, 61 B.R. 758, 777 (Bankr. S.D. Tex. 1996); *see Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co. (In re Ames Department Stores, Inc.)*, 542 B.R. 121, 153, n.144 (Bankr. S.D.N.Y. 2015) ("The purpose of section 362(a)(3) . . . is to protect the assets subject to the bankruptcy court's *in rem* jurisdiction.").

Section 362(b)(22) provides a limited exception to the application of section 362(a)(3). It states that, subject to section 362(*l*), the commencement of a case under the Bankruptcy Code does not operate as a stay under section 362(a)(3) of:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor

has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22). "The default rule is that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date." *In re Williams*, 646 B.R. 399, 402 (Bankr. S.D.N.Y. 2022). Section 362(*l*) provides limited relief from the application of section 362(b)(22).

Section 362(*l*)(5)(A) states that "[w]here a judgment for possession of residential real property in which the debtor resides under a lease or rental agreement has been obtained by the lessor, the debtor shall so indicate on the bankruptcy petition and shall provide the name and address of the lessor . . . on the petition . . . and on any certification filed." 11 U.S.C. § 362(*l*)(5)(A). Section 362(*l*)(1) states that section 362(b)(22) will not apply until 30 days after the debtor's petition is filed if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that:

> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. §362(*l*)(1); *see In re Griggsby*, 404 B.R. 83, 87 (Bankr. S.D.N.Y. 2009) ("The automatic stay [will] apply for a 30-day period after the filing of the bankruptcy petition *if* the debtor files with the petition a certification under . . . . 11 U.S.C. § 362(*l*)(1)(A). A debtor must also deposit with the clerk of the court with the bankruptcy petition any rent that would become due during the 30-day period after the filing of the bankruptcy petition."). Taken together, sections 362(b)(22) and (*l*)(1) "provide that unless a debtor certifies that she can cure a monetary default that gave rise to a landlord's prepetition judgment of possession, the automatic stay does not come into effect

6

with respect to the continuation of an eviction or similar proceeding upon the filing of the debtor's bankruptcy case." *In re Harris*, 424 B.R. at 47.

Section 362(*l*)(2) provides that the automatic stay which takes effect as a result of section 362(*l*)(1) will remain in force beyond the 30-day period following the filing of the petition, if the debtor (or an adult dependent of the debtor) files with the court and serves on the lessor within the 30-day period after the filing of the petition, an additional certification attesting that the entire monetary default that gave rise to the judgment of possession has been cured under applicable nonbankruptcy law. 11 U.S.C. § 362(*l*)(2); *see also In re Soto*, 500 B.R. 679, 681 (Bankr. S.D.N.Y. 2013) (holding that, if the debtor satisfies section 362(*l*)(1), "the stay is re-imposed for thirty days to allow the debtor to cure the entire default and file a second certification that it has done so").

If the Debtor fails to comply with subsections 362(*l*)(1) and (2), the consequences are immediate. "[S]ubsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. § 362(*l*)(4)(A); *see In re Parker*, No. 08-00278, 2008 WL 2081536, at *2 (Bankr. D.D.C. May 8, 2008) ("In enacting § 362(b)(22) and § 362(*l*)(4), Congress provided a mechanism under which, from the outset of the case and unless the debtor makes very specific certifications at the time he files his petition, landlords can know with certainty whether or not the stay applies to their continued enforcement of pre-petition judgments for possession of the debtor's residence.").

## Discussion

Section 362(b)(22) states the "default rule" that the automatic stay does not apply to eviction proceedings where the lessor obtained a judgment for possession prior to the petition date.

7

11 U.S.C. §362(b)(22). The automatic stay does not apply to the Summary Proceeding because the Landlord obtained a judgment of possession on May 31, 2023, prior to the Petition Date.

Section 362(*l*) provides a limited exception to that rule if the Debtor (i) files with the petition a certification under penalty of perjury that "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment of possession after that judgment of possession was entered," 11 U.S.C. § 362(*l*)(1)(A); (ii) deposits with the clerk of the court with the bankruptcy petition any rent that would become due during the 30-day period after the filing of the bankruptcy petition, 11 U.S.C. § 362(*l*)(1)(B); and (iii) within the 30 days after the petition is filed, the Debtor certifies that she has cured the entire monetary default that gave rise to the judgment of possession, 11 U.S.C. § 362(*l*)(2).

The Debtor did not (i) disclose in the Petition that there was a final judgment for possession in the Summary Proceeding; (ii) make the required certification and deposit with the Clerk of the Court with the Petition the amount of the rent due within the first 30 days after the Petition Date; or (iii) make the certification within the first 30 days after the Petition Date that the Debtor cured the entire amount of the monetary default that gave rise to the judgment of possession. Accordingly, the filing of the Petition does not operate as a stay of the Summary Proceeding against the Debtor. *See, e.g.*, *In re Williams*, 646 B.R. at 402-03; *In re Winer*, 2008 WL 2074091, at *4; *In re Harris*, 424 B.R. at 52–55.

**Conclusion**

Based on the foregoing, the Court finds that the automatic stay is not applicable to the Summary Proceeding. The Court grants the Landlord's Motion under section 362(b)(22).

The Landlord is directed to settle an order consistent with this Memorandum Decision.

Dated: November 29, 2023
      New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge